



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 3 1 2021

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA

v.                                          NO. 4:21-CR-031-Y

BEATRIZ SANCHEZ (01)

## PLEA AGREEMENT WITH WAIVER OF APPEAL

BEATRIZ SANCHEZ ("Defendant"), RAUL A. CANEZ, Defendant's attorney,

and the United States of America ("Government"), agree as follows:

1.  <u>Rights of Defendant</u>:  Defendant understands that she has the right

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have his guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in his
        defense; and

    e.  against compelled self-incrimination.

2.  <u>Waiver of Rights and Plea of Guilty</u>:  Defendant waives these rights and

pleads guilty to the offense alleged in Count One of the Superseding Information,

charging a violation of 21 U.S.C. § 846, that is, conspiracy to possess of a controlled

substance with intent to distribute.  Defendant understands the nature and elements of the

crimes to which she is pleading guilty, and agrees that the factual resume she has signed

is true and will be submitted as evidence.

3.    <u>Sentence</u>:  The penalties the Court can impose include:

    a.    imprisonment for a period of not less than five (5) years and not more than forty (40) years;

    b.    a fine not to exceed $5,000,000;

    c.    a mandatory term of supervised release of not less than four (4) years, which may be mandatory under the law and will follow any term of imprisonment.  If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4.    <u>Court's Sentencing Discretion and Role of the Guidelines</u>:  Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.  Defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Defendant will not be allowed to withdraw his plea if his sentence is higher than expected.  Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the Court's discretion.

5.     Mandatory special assessment: Defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.     Defendant's agreement: Defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7.     Government's Agreement: The government will not bring any additional charges against Defendant based upon the conduct underlying and related to the Defendant's plea of guilty. After sentence is imposed by the Court, the government will move to dismiss any remaining charges against the defendant. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

8.     Violation of Agreement: Defendant understands that if she violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant waives objection to the use against him of any information or statements she has provided to Government and any resulting leads.

9. <u>Voluntary Plea</u>: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. <u>Waiver of right to appeal or otherwise challenge sentence</u>: Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. She further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. <u>Representation of Counsel</u>: Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because she concedes that she is guilty, and after conferring with his lawyer, Defendant has concluded that it is in his best interest to enter into this plea agreement, and all of its terms, rather than to proceed to trial in this case.

12.    <u>Entirety of Agreement</u>:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this *8* day of *MARCH*, 2021.

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

_____
BEATRIZ SANCHEZ

Defendant

_____
LAURA G. MONTES
Assistant United States Attorney
Massachusetts State Bar No. 687739
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:   817.252.5200
Facsimile:   817.252.5455

_____
RAUL A. CANEZ
Attorney for Defendant

_____
ALEX C. LEWIS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____       *3-8-2021*
BEATRIZ SANCHEZ                                    Date

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____       *3-8-2021*
RAUL A. CANEZ                                        Date
Attorney for Defendant

**Plea Agreement – Page 5 of 5**